IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**LEONEL FRANCO,**

    **Plaintiff,**

**v.**                                                                **No. 13-cv-0858 SMV**

**CAROLYN W. COLVIN,**
**Acting Comm'r of SSA,**

    **Defendant.**

**MEMORANDUM OPINION AND ORDER**

    THIS MATTER is before the Court on Plaintiff's Motion to Reverse or Remand [Doc. 21] ("Motion"), filed on February 25, 2014. The Commissioner responded on April 7, 2014. [Doc. 23]. Plaintiff replied on May 5, 2014. [Doc. 24]. The parties have consented to the undersigned's entering final judgment in this case. [Doc. 10]. Because Plaintiff's briefing identifies no particular allegation of error, and because the Court cannot act as his advocate, the Motion will be denied.

    Plaintiff applied for a period of disability, disability insurance benefits, and supplemental security income on December 1, 2009. Tr. 10. Plaintiff alleged disability resulting from injuries sustained in a motor vehicle accident on October 23, 2006, while he was working. Tr. 10, 32−33, 143. His claims were denied initially and on reconsideration. *Id.* Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). *Id.* ALJ Barbara Licha Perkins held a hearing on May 18, 2011, in Albuquerque, New Mexico. *Id.* Plaintiff appeared in person with

his attorney, Ms. Martone.[1]  Tr. 10, 26.  The ALJ took testimony from Plaintiff and an impartial vocational expert, Thomas A. Grenier.  Tr. 10, 25.  On March 12, 2012, ALJ Perkins issued her unfavorable decision.  Tr. 23.  Considering Plaintiff's age, education, work experience, and residual functional capacity, she found that Plaintiff is able to perform work that exists in significant numbers in the national economy.  Tr. 22.  Accordingly, she denied his claims.  Tr. 23.  The Appeals Council denied review of the ALJ's decision on July 8, 2013.  Tr. 1–3.  Plaintiff timely filed a complaint in this Court on September 10, 2013.  [Doc. 1].

Plaintiff's Motion to Reverse or Remand Administrative Agency Decision with Supporting Memorandum was due no later than February 3, 2014.  [Doc. 18].  The parties were on notice that "[a]ll supporting memoranda . . . shall cite the transcript or record in support of assertions of fact and shall cite authority in support of propositions of law[.]"  *Id.*  Nevertheless, Plaintiff filed no motion, and the Court ordered him to show cause no later than February 26, 2014, why his case should not be dismissed.  [Doc. 20].  On February 25, 2014, Plaintiff filed a Motion to Reverse or Remand.  [Doc. 21].  However, the motion identifies no particular error on the part of the Commissioner and, instead, seems to generally assert that Plaintiff is, in fact, disabled.[2]  *Id.*  The Commissioner responded that "[d]ue to the absence of specific allegations of error, the Commissioner [would] describe generally the basis for the ALJ's decision and the

---

[1] Although Plaintiff was represented by the Martone Law Firm at the administrative hearing, before this Court he is proceeding pro se.  *See* Tr. 6 (letter from Attorney Feliz Martone, dated March 23, 2012, withdrawing from representation of Plaintiff before the Social Security Administration).
[2] Portions of the motion appear to be copied from filings in other social security cases because they are obviously not applicable to the instant case.  For example, the motion begins, "This motion is before the parties join [sic] motion to reverse or remand the decision of the Social Security Judge[.]"  [Doc. 21] at 2.  Of course, in this case, Defendant did not join in Plaintiff's motion and, in fact, opposed it.  [Doc. 23].  The motion also describes Plaintiff's ailments and generally asserts that he is unable to return to his past work.  [Doc. 21] at 4.

substantial evidence supporting it." [Doc. 23] at 4. Plaintiff's reply is similarly vague and merely asserts that he is unable to work. [Doc. 24].

It is a basic rule that a motion must "state with particularity the grounds for seeking the order." Fed. R. Civ. P. 7(b)(1)(B); *see also* D.N.M.LR-Civ. 7.1(a) (same), 7.3(a) ("A motion, response or reply must cite authority in support of the legal positions advanced."); *United States v. Rodriguez-Aguirre*, 108 F.3d 1228, 1237 n.8 (10th Cir. 1997) (explaining that plaintiffs must tie relevant facts to their allegations and cite to the record to support their claims and "[i]n the absence of essential references to the record in a party's brief, the court will not 'sift through' the record to find support for the claimant's arguments.").

Because Plaintiff proceeds pro se, the Court must construe his filings liberally and hold them to a less stringent standard than is required of a party represented by counsel. *See Weinbaum v. City of Las Cruces*, 541 F.3d 1017, 1029 (10th Cir. 2008) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). Liberal construction requires courts to make some allowance for a pro se litigant's "failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements[.]" *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Hall*, 935 F.2d at 1110) (alterations omitted). However, "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Id.*

In *Garrett,* the Tenth Circuit held that a pro se plaintiff forfeited his right to appeal because his brief failed to include a statement of the issues presented for review, the nature of the case, the procedural and factual background, references to the record, or a legal argument with

3

supporting authorities.  *Id*. at 840.  Under *Garrett,* all appellate briefs, even those by pro se litigants, must contain "more than a generalized assertion of error, with citations to supporting authority."  *Id*. at 841 (quoting *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001)).  *Garrett* relied on Federal Rule of Appellate Procedure 28, not Federal Rule of Civil Procedure 7, in concluding that the petition was inadequate, but the underlying principle of the *Garrett* decision applies equally to both rules:  "[w]hen a pro se litigant fails to comply with that rule, we cannot fill the void by crafting arguments and performing the necessary legal research."  *Id*. (quotations omitted); *see also Utahns for Better Transp. v. United States Dep't of Transp.*, 305 F.3d 1152, 1175 (10th Cir. 2002) ("[I]ssues will be deemed waived if they are not adequately briefed.")

Although this is a district court, not an appellate court, I am acting as an appellate judge in reviewing the ALJ's decision.  *See* 42 U.S.C. § 405(g) (2012).  I find that the general principles articulated in *Garrett* apply to the present matter.  Here, Plaintiff has appealed the decision of the ALJ, but he has not articulated a single reason why the ALJ's opinion was erroneous.  The Court will not act as Plaintiff's advocate by sifting through the record to find support for his position.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff's Motion to Reverse or Remand [Doc. 21] is **DENIED**.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**
**Presiding by Consent**